IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| LINDA COOGAN and KENNETH MORELLI,<br><br>Plaintiffs,<br><br>vs.<br><br>JOAN A. STEED, *et al.*,<br><br>Defendants. | ORDER TO SHOW CAUSE AND MEMORANDUM DECISION<br><br>Case No. 2:10-CV-682 CW |

"To ensure its Article III power is exercised properly, a federal court must, 'in every case and at every stage of the proceeding, satisfy itself as to its own jurisdiction.'" *Mires v. United States*, 466 F.3d 1208, 1211 (10th Cir. 2006) (citation omitted). In this case, the Defendants purport to remove this action to this court based on federal question jurisdiction. The complaint on its face, however, only names state law causes of action: the Plaintiffs do not assert a federal cause of action. Nonetheless, the Defendants argue that the Plaintiffs have given notice of their intent to bring a federal RICO claim through several of their factual allegations that accuse, in conclusory fashion, the Defendants of engaging in racketeering activity under federal law.

"The plaintiff is the 'master of the claim' and may prevent removal by choosing not to plead a federal claim even if one is available." *Schmeling v. NORDAM*, 97 F.3d 1336, 1339 (10th Cir. 1996) (citing *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987)). On the other

hand, the "artful pleading" doctrine prevents a plaintiff from "defeat[ing] removal by failing to plead federal questions that are essential elements of the plaintiff's claim." *Schmeling*, 97 F.3d at 1339 (citation omitted).

Even if a federal RICO claim were available to the Plaintiffs at the time of pleading, which is not clear on the face of their complaint, they had the power to prevent removal by not expressly pleading that claim. It is true that the Plaintiffs, in conclusory fashion, allege that the Defendants violated federal racketeering statutes and that the Plaintiffs mention some of the prerequisites of a RICO claim. But in pleading their claims for relief, the Plaintiffs make no attempt to state the various specific and technical elements of a federal RICO claim.

Nor do the Defendants argue that the Plaintiffs artfully pleaded around a federal RICO claim. That is, the Defendants do not claim that the Plaintiffs would be required to plead the elements of a federal RICO claim to successfully plead their state tort claims. Accordingly, removal in this case appears to be improper and the court does not appear to have jurisdiction.

The Defendants are therefore ORDERED to show cause within 10 days why this case should not be remanded to state court.

SO ORDERED this 27th day of July, 2010.

BY THE COURT:

_____
Clark Waddoups
United States District Judge