IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| LINDA COOGAN and KENNETH MORELLI, <br><br> Plaintiffs, <br><br> vs. <br><br> JOAN A. STEED, *et al.*, <br><br> Defendants. | ORDER and MEMORANDUM DECISION <br><br><br><br><br> Case No. 2:10-CV-682 CW |

"To ensure its Article III power is exercised properly, a federal court must, 'in every case and at every stage of the proceeding, satisfy itself as to its own jurisdiction.'" *Mires v. United States*, 466 F.3d 1208, 1211 (10th Cir. 2006) (citation omitted).

On July 27, 2010, this court ordered Defendants to show cause why this case should not be remanded to state court. In that order, the court pointed out that on the face of the removed complaint, Plaintiffs allege only Utah state law causes of action. Specifically, Plaintiffs made claims under Utah state law for declaratory relief, "alter ego," breach of fiduciary duty, unjust enrichment, breach of contract, civil conspiracy and fraud. And Defendants themselves acknowledge, with only a few exceptions, "under the well-pleaded complaint rule, plaintiff is the master of his complaint and is free to avoid federal jurisdiction by 'pleading only state claims even where a federal claim is also available.'" *Marcus v. AT&T Corp.*, 138 F.3d 46, 52 (2d

Cir.1998)."  (Dkt. No. 7 at 5 of 13.)

In response to the court's order, Defendants make two arguments.  First, Defendants contend that Plaintiffs' state law conspiracy claim is an artfully plead federal RICO claim.  Defendants, however, make no attempt to show that any "federal questions. . . are essential elements of the plaintiff's claim."  *Schmeling v. NORDAM*, 97 F.3d 1336, 1339 (10th Cir. 1996) (citation omitted).  Instead, Defendants point to several paragraphs in the fact section of Plaintiffs' complaint that allege, in conclusory fashion, that Defendants violated various federal criminal statutes and that money obtained from those activities are proceeds.  Defendants then argue that those allegations would give rise to a federal RICO claim, and that Plaintiffs appear to rely on those allegations in support of their state law conspiracy claim.

But the question, as already explained, is not whether Plaintiffs rely on allegations that may amount to a breach of federal RICO to support their state law conspiracy claim.  Rather, the question is whether it is an essential element of a Utah state law conspiracy claim that there be a violation of federal RICO.  That is clearly not the case.  *See*, *e.g.*, *Pohl, Inc. of America v. Webelhuth*, 201 P.3d 944, 954-55 (Utah 2008) ("In Utah, civil conspiracy requires proof of five elements: '(1) a combination of two or more persons, (2) an object to be accomplished, (3) a meeting of the minds on the object or course of action, (4) one or more unlawful, overt acts, and (5) damages as a proximate result thereof.'") (citation omitted).  While a violation of the federal RICO statute may meet the unlawful act prong of a conspiracy claim, a federal RICO violation is not essential, since any unlawful, overt act would suffice.

Defendants also point out that Plaintiffs seek treble damages, which are not available for any of their state law claims, but are available for a federal RICO violation.  The standard for

2

artful pleading, however, is not what relief is sought, but whether state law claims were plead to try to avoid federal ones. If Defendants are correct that Plaintiffs would not be able to collect treble damages under their state law claims, then that prayer will simply fail.

In any event, Defendants may not invoke federal question jurisdiction based on an artfully plead federal claim if federal jurisdiction would fail on the face of the complaint had the action been initially brought in federal court. *See, e.g.*, *Travelers Indemnity Co. v. Sarkisian*, 794 F.3d 754, 760-611 (2nd Cir. 1986). Here, it is clear from the face of the complaint that Plaintiffs have failed to allege all of the necessary elements to state a federal RICO claim. That is because the civil conspiracy claim which Defendants assert is an ersatz federal RICO claim does not include factual allegations sufficient to assert a "pattern of racketeering activity" or operation of an "enterprise." Both are elements of a RICO claim. *See id.* at 761 *and* 18 U.S.C. § 1962.

To satisfy the pattern requirement the Plaintiffs must allege facts that support the predicate acts constituting a threat of continuing racketeering activity. A single scheme to accomplish a discrete goal fails to meet this requirement. *See Bixler v. Foster*, 596 F.3d 751, 761 (10th Cir. 2010). In this case, Plaintiffs allege facts related to a single transaction: the purchase of a cabin/home. As such, the complaint does not satisfy the continuity requirements.

Further, as clarified by the Tenth Circuit:

> to properly plead an enterprise a plaintiff must allege three components: (1) that there is "an ongoing organization with a decision-making framework or mechanism for controlling the group," (2) "that various associates function as a continuing unit," and (3) "that the enterprise exists separate and apart from the pattern of racketeering activity."

*Kearney v. Dimanna*, 195 Fed. Appx. 717, 720 (10th Cir. 2006) (quoting *United States v. Smith*, 413 F.3d 1253, 1266-67 (10th Cir.2005)). In their complaint, Plaintiffs make no discernable

attempt to plead any of these components of an enterprise

In sum, even if Plaintiffs are attempting to artfully plead a federal RICO claim, they have not succeeded. Absent all of the required elements, Plaintiffs simply have not stated a federal RICO claim and such a claim would be subject to dismissal. And, as already explained, any artfully plead federal claim will only give rise to federal jurisdiction if the claim is properly plead, which is not the case here.

Defendants argue in the alternative that Plaintiffs' action may be removed because Plaintiffs' "right to relief requires resolution of a substantial question of federal law." *Arco Environmental Remediation, L.L.C. v. Department of Health and Environmental Quality of the State of Montana*, 213 F.3d 1108, 1114 (9th Cir. 2000). In support, Defendants maintain that Plaintiffs' conspiracy claim is exclusively premised on violations of federal statutes. That argument is disproved by examining the support for Plaintiffs' conspiracy claim. In addition to being predicated on alleged violations of federal statutes as the unlawful acts, that claim also expressly relies upon state law unlawful acts including "fraud, misrepresentation, violation of consumer laws, breach of fiduciary duty, . . . and the like." (Compl., Dkt. No. 2-2, at ¶ 153). Because a finding that any of these state law violations occurred would suffice to prove the unlawful act element of the state law conspiracy claim, proof of violations of federal RICO and other federal criminal laws is not required.

For all these reasons, the court believes that as the masters of their claims, Plaintiffs had the right to file and keep this action in state court by suing Defendants there. This case is therefore REMANDED to the court for the state of Utah in which it was filed by the Plaintiffs.

SO ORDERED this 19th day of October, 2010.

        BY THE COURT:

*[signature: Clark Waddoups]*

_____
Clark Waddoups
United States District Judge